**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR VARGAS-TORRES, JR., | |
| Appellant | No. 652 MDA 2017 |

Appeal from the PCRA Order March 20, 2017
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003636-2014

BEFORE: GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 23, 2018**

Appellant, Hector Vargas-Torres, Jr., appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In addition, counsel for Appellant has filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), in which she requests that she be permitted to withdraw as counsel. We grant counsel's application to withdraw and affirm the order of the PCRA court, albeit on the basis that the PCRA petition is untimely.[1]

---

[1] **See Commonwealth v. Fisher**, 870 A.2d 864, 870 n.11 (Pa. 2005) (appellate court may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action, even if the appellate court relies on a different basis in its decision to affirm).

In an unpublished memorandum disposing of Appellant's direct appeal,

this Court summarized the history of this case as follows:

Appellant was charged in this action with one count of aggravated harassment by a prisoner, a felony carrying a maximum sentence of seven years imprisonment. On August 20, 2015, Appellant entered a negotiated guilty plea to a reduced charge of simple assault (placing someone in fear by physical menace), in exchange for a sentence of one to two years imprisonment. The sentence was to "run consecutively to any sentence that [Appellant was] presently serving." N.T. Guilty Plea, 8/20/15, at 5. At that time, Appellant admitted to the following. On August 21, 2014, he was incarcerated at the State Correctional Institution--Camp Hill. Appellant had been placing a covering over his cell door that prevented correctional officers from viewing the inside of his cell. Appellant continued to place the obstruction over his cell door even though he had been repeatedly warned that he was not permitted to do so. On August 21, 2014, Correctional Officer Brent McBeth, as a security precaution, was installing plexiglass inside Appellant's cell when Appellant spit on him, striking Correctional Officer McBeth's chest and forearm.

On August 20, 2015, after accepting the guilty plea, the [trial] court imposed the negotiated sentence of one to two years in jail, and Appellant was apprised of his post-sentence rights. *Id*. at 7-8. On September 8, 2015, Appellant filed a motion seeking credit for time served from October 21, 2014, when he was arrested for the present crime, to August 20, 2015. The motion did not seek any form of PCRA relief, and Appellant did not ask to file the motion *nunc pro tunc*.

Following a hearing, the court denied the motion on November 2, 2015, after the period for filing a direct appeal from the August 20, 2015 judgment of sentence expired. The court found that any time Appellant spent in jail prior to August 20, 2015, had been credited to sentences imposed in other matters. Appellant filed this appeal from the judgment of sentence imposed on August 20, 2015.

***Commonwealth v. Vargas-Torres***, 2009 MDA 2015, 159 A.3d 53 (Pa.

Super. filed October 24, 2016) (unpublished memorandum at 1-2).

Ultimately, we quashed Appellant's direct appeal as having been untimely filed. *Id*. at 5.

On November 16, 2016, Appellant filed the instant PCRA petition, *pro se*. On the same day, the PCRA court appointed Katie Maxwell, Esquire, to represent Appellant. PCRA counsel did not file an amended PCRA petition, but instead filed a motion requesting the PCRA court to hold a hearing on the matter. The request for a hearing was granted, and a PCRA hearing was held on March 20, 2017. At the conclusion of the hearing, the PCRA court entered an order denying PCRA relief. This timely appeal followed.

On April 13, 2017, the PCRA court entered an order directing Appellant to file, within twenty-one days, a concise statement of errors pursuant to pursuant to Pa.R.A.P. 1925(b). On May 5, 2017, PCRA counsel filed a statement of intent to file a ***Turner/Finley*** document. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 26, 2017.

On June 26, 2017, PCRA counsel filed a no-merit letter with this Court requesting permission to withdraw. However, PCRA counsel did not attach a copy of the letter advising Appellant of his rights pursuant to ***Commonwealth v. Friend***, 896 A.2d 607, 614 (Pa. Super. 2006), regarding notifying Appellant of his right to proceed *pro se* or proceed with a private attorney. ***See Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011) (applying ***Friend***).

Cognizant of this deficiency, this Court entered an order on June 30, 2017, directing PCRA counsel to notify Appellant as required by the relevant case law, and to file a copy of the notification with this Court within ten days. PCRA counsel failed to comply with our directive, and on July 13, 2017, we issued a second order reminding counsel of her obligation and directing her to file a copy of the notification within seven days. Again, PCRA counsel failed to comply with our order.

On July 27, 2017, PCRA counsel filed a motion seeking a continuance in which to file with this Court the required notification to Appellant. Also on July 27, 2017, this Court entered an order granting the continuance and directing that the notification be filed on or before August 3, 2017. The record was devoid of any evidence that PCRA counsel complied with this Court's directive.

Therefore, on January 3, 2018, this panel entered an order directing PCRA counsel to file with this Court a copy of the letter notifying Appellant of his immediate right to proceed *pro se* or with newly retained counsel within fourteen days of the date of the order. PCRA counsel has complied with our directive. Appellant has not filed a response with this Court. This matter is now ripe for our disposition.[2]

---

[2] We note our displeasure with the fact that PCRA counsel repeatedly ignored the directives of this Court. We warn counsel, as we did in our Order dated January 3, 2018, that failure to comply with this Court's orders may ultimately result in the withholding of counsel fees and referral for disciplinary action.

Prior to addressing the merits of Appellant's claim on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing her representation. **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has listed the following conditions to be met by counsel in seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner, supra** and **Finley, supra** and] ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> * * *

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court-trial court or this Court-must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted) (brackets in original).

In the application filed with this Court, counsel explained that she had been appointed to represent Appellant at the PCRA proceedings and that she reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel also listed

the issues relevant to this appeal in her no-merit letter and explained why the appeal is without merit. In addition, counsel averred that she served upon Appellant a copy of the application to withdraw, the "no-merit" letter, and a letter addressed to Appellant accompanying those documents. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

We have discerned the following issues noted by PCRA counsel on behalf of Appellant in the **Turner**/**Finley** letter: whether trial counsel was ineffective for proceeding with Appellant's preliminary hearing in the absence of an assistant district attorney; whether trial counsel was ineffective for failing to obtain a video of the incident; and whether Appellant's negotiated guilty plea was knowingly, intelligently, and voluntarily entered due to trial counsel's ineffective assistance. **Turner**/**Finley** Letter, at 2.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support

in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

However, as a prefatory matter, we must address whether Appellant satisfied the timeliness requirements of the PCRA. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

An untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on Monday, September 21, 2015,[4] thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a timely direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). ***See Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000) (reiterating that judgment of sentence becomes final upon conclusion of direct review or upon expiration of time for seeking review and holding the appellant's judgment of sentence became final after the expiration of the thirty-day period in which the appellant was permitted to seek further review in our Supreme Court). ***See also Vargas-Torres***, 2009 MDA 2015 (unpublished

_____

> Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4] We note that a direct appeal needed to be filed on or before Monday, September 21, 2015, because September 19, 2015, was a Saturday. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). ***See also*** Pa.R.A.P. 107; Pa.R.A.P. 903, note.

- 8 -

memorandum at 5) (quashing Appellant's direct appeal as having been untimely filed). Thus, in order to be timely under the PCRA, Appellant needed to file his PCRA petition on or before September 21, 2016. Appellant did not file the PCRA petition until November 16, 2016. Accordingly, the instant PCRA petition is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant does not specifically allege that the delay in filing his PCRA petition was due to interference by governmental officials, that the facts underlying his petition were unknown to him and could not have been ascertained by the exercise of due diligence, or that the right he has asserted is a retroactive constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Thus, Appellant fails to invoke any of the timeliness exceptions contained in the PCRA. Therefore, the instant PCRA petition remains time-barred.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of

any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").  Furthermore, upon our independent review, no relief is due.  Having determined that Appellant is not entitled to PCRA relief, we allow counsel to withdraw under the precepts of ***Turner/Finley***.

Application to withdraw granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2018

- 10 -